UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTHEW TOLMASOV,                    )        CV 15-5040-AGR
                    Plaintiff,        )
                                      )
          v.                          )        MEMORANDUM OPINION AND ORDER
                                      )
CAROLYN W. COLVIN,                    )
Commissioner of Social Security,      )
                                      )
                    Defendant.        )
_____)

     Plaintiff Tolmasov filed this action on July 2, 2015.  Pursuant to 28 U.S.C. §
636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 10,
12.)  On January 19, 2016, the parties filed a Joint Stipulation that addressed the
disputed issues.  The court has taken the matter under submission without oral
argument.

     Having reviewed the entire file, the court affirms the decision of the
Commissioner.

# I.

## PROCEDURAL BACKGROUND

On February 27, 2012, Tolmasov filed an application for supplemental security income, alleging an onset date of August 31, 2008.  Administrative Record ("AR") 13.  The application was denied initially and on reconsideration.  AR 13, 62, 73.  Tolmasov requested a hearing before an Administrative Law Judge ("ALJ").  On August 29, 2013, the ALJ conducted a hearing at which Tolmasov and a vocational expert testified.  AR 25-50.  On December 24, 2013, the ALJ issued a decision denying benefits.  AR 10-19.  On June 23, 2015, the Appeals Council denied the request for review.  AR 1-5.  This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

1                                               **III.**

2                                 **DISCUSSION**

3      **A.**    **Disability**

4      A person qualifies as disabled, and thereby eligible for such benefits, "only if his

5 physical or mental impairment or impairments are of such severity that he is not only

6 unable to do his previous work but cannot, considering his age, education, and work

7 experience, engage in any other kind of substantial gainful work which exists in the

8 national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed.

9 2d 333 (2003) (citation and quotation marks omitted).

10      **B.**    **The ALJ's Findings**

11      Following the five-step sequential analysis applicable to disability determinations,

12 *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that

13 Tolmasov had the severe impairments of degenerative disc disease of the cervical

14 spine and lumbar spine.  AR 15.  Tomasov had the residual functional capacity ("RFC")

15 to lift/carry 20 pounds occasionally and 10 pounds frequently; sit, stand and walk six

16 hours in an eight-hour workday; and frequently climb, balance, stoop, kneel, crouch and

17 crawl.  AR 16.  He is unable to perform any past relevant work, but there are jobs that

18 exist in significant numbers in the national economy that he could perform such as

19 sorter, assembler and electronics worker.  AR 18-19.

20      **C.**    **Credibility**

21      "To determine whether a claimant's testimony regarding subjective pain or

22 symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v.*

23 *Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  At step one, "the ALJ must determine

24

25 ───────────────

26     [1]  The five-step sequential analysis examines whether the claimant engaged in
substantial gainful activity, whether the claimant's impairment is severe, whether the

27 impairment meets or equals a listed impairment, whether the claimant is able to do his
or her past relevant work, and whether the claimant is able to do any other work.

28 *Lounsbury*, 468 F.3d at 1114.

whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 798 F.3d 749, 755 (9th Cir. 2015) (citation omitted)**,** *amended* 2015 WL 6684997 (Nov. 3, 2015); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 798 F.3d at 755 (citation omitted). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* (citation omitted).

In weighing credibility, the ALJ may consider factors including:  the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation."  *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13) (quotation marks omitted).[2]  The ALJ may consider:  (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated

---

[2]  Social Security rulings do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

1  complaints; and (d) an unexplained failure to seek treatment.  *Thomas*, 278 F.3d at

2  958-59.

3       The ALJ found that Tolmasov's medically determinable impairments could

4  reasonably be expected to cause the alleged symptoms, but his statements concerning

5  the intensity, persistence and limiting effects of his symptoms were "not entirely

6  credible."  AR 17.  The ALJ primarily relied on three reasons: (1) the objective medical

7  evidence does not support the degree of Tolmasov's pain; (2) there are inconsistencies

8  between Tolmasov's testimony and his statements to physicians; and (3) his activities of

9  daily living are inconsistent with the degree of pain alleged.  AR 17-18.

10       Although it is a factor the ALJ may consider in assessing credibility, "an ALJ may

11  not reject a claimant's subjective complaints based solely on a lack of medical evidence

12  to fully corroborate the alleged severity of pain."  *Burch v. Barnhart*, 400 F.3d 676, 680

13  (9th Cir. 2005).  Here, however, the ALJ's finding is not supported by substantial

14  evidence.  X-rays of the cervical spine in 2013 show severe multilevel degenerative

15  changes with disk space narrowing throughout, anterior osteophytosis and bilateral

16  neural foraminal narrowing of the cervical spine, right greater than left.  AR 377.  The

17  cervical spine appears to have worsened since 2011.  AR 214 (2011 x-rays show

18  moderate degenerative changes and degenerative disk disease at C4, C5, C6 and C7).

19  X-rays of the lumbar spine in 2013 show moderate to severe multilevel degenerative

20  changes with disk space narrowing at L4-L5 and L5-S1, facet arthropathy at L3-L4, L4-

21  L5 and L5-S1, and anterior osteophytosis.  AR 381; *see also* AR 214-15 (2011 x-rays of

22  lumbar spine).

23       The ALJ relied upon inconsistencies between Tolmasov's testimony at the

24  hearing on August 29, 2013 and his statements to treating physicians.  Tolmasov

25  testified at the hearing that his average pain is 8/10.  AR 16, 33.  The ALJ noted,

26  however, that treatment records indicated his pain was controlled with medication.

27  Tolmasov had reported that his pain was 2/10 on July 3, 2013.  AR 17, 350; *see also*

28

AR 366 (2/10 pain on 7/24/12), AR 279 (4/10 pain on 5/5/11).  On July 3, 2013, the physician noted mild tenderness in the neck and lower back area with fairly good range of motion and normal motor strength.  AR 351; *see also* AR 279 (on 5/5/11, Tolmasov complained of 4/10 neck pain when he turns head).  The ALJ noted that other treatment records indicated pain of 0/10.  AR 17, 356 (1/18/13), 361 (10/22/12), 256 (11/28/11), 264 (8/29/11), 274 (6/7/11).  The ALJ's finding of inconsistencies between Tolmasov's testimony and treatment records in terms of reported pain level is supported by substantial evidence.

An ALJ may consider a claimant's daily activities when weighing credibility. *Bunnell*, 947 F.2d at 346.  Tolmasov testified that he can walk about an hour and can perform household chores when his pain is under control.  AR 18, 43.

Remand is not automatically warranted when one or more of the ALJ's reasons for discounting a claimant's credibility is not supported by substantial evidence.  In *Carmickle v. Comm'r*, 533 F.3d 1155 (9th Cir. 2007), the Ninth Circuit concluded that two of the ALJ's reasons for an adverse credibility finding were invalid.  When an ALJ provides specific reasons for discounting the claimant's credibility, the question is whether the ALJ's decision remains legally valid, despite such error, based on the ALJ's "remaining reasoning and ultimate credibility determination."  *Id.* at 1162 (italics in original); *see Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009) (error was harmless when record did not support one of four reasons for discounting credibility).

The court concludes that any error was harmless.  The ALJ's alternative hypothetical to the VE assumed that Tolmasov was limited to sedentary work while sitting six hours in an eight-hour day, standing/walking two hours in an eight-hour day, the same postural limitations, and occasional upward gazing or side-to-side head movements.  AR 48-49.  These limitations fairly encompassed Tolmasov's subjective complaints.  Tolmasov testified that "sitting is pretty much the best thing I could do" and he can sit for hours.  He can walk about an hour at a time.  AR 36-37, 43.  He can lift 10

pounds and can do stairs.  AR 37-38.  Although it hurts to move his head in order to look up or to move his head to the right, he sometimes does it in the course of living. AR 34.  The VE testified that representative sedentary jobs would include polisher (DOT 713.684-038) and stuffer (DOT 731.685-014).  AR 48-49.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: January 27, 2016

_____
ALICIA G. ROSENBERG
United States Magistrate Judge